■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK BARRETT, Respondent. [940 NYS2d 882]—Appeal by the People from an order of the Supreme Court, Kings County (Brennan, J.), dated April 21, 2010, which, upon the defendant's conviction of attempted murder in the second degree, assault in

the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, reckless endangerment in the first degree, reckless endangerment in the second degree, and attempted grand larceny in the fourth degree, upon his plea of guilty, granted the defendant's motion pursuant to CPL 440.20 and Penal Law § 70.85 to vacate a resentence of the same court imposed February 27, 2009, which imposed a period of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on June 12, 2000.

Ordered that the order is reversed, on the law, and the motion is denied.

Since the defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Edwards*, 89 AD3d 1034 [2011]; *People v Douglas*, 89 AD3d 959 [2011]; *People v Harris*, 89 AD3d 863 [2011]; *People v Algarin*, 89 AD3d 859 [2011], *lv denied* 18 NY3d 881 [2012]; *People v Dawkins*, 87 AD3d 550 [2011]). Accordingly, the Supreme Court erred in granting the defendant's motion to vacate the resentence. Rivera, J.P., Skelos, Dillon and Angiolillo, JJ., concur.